**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VOICE2TEXT INNOVATIONS LLC** ) ) | |
| Plaintiff, ) ) | **CIVIL ACTION NO. 16-CV-011535** |
| v. ) ) | |
| **MUTARE, INC.** ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Voice2Text Innovations LLC ("Voice2Text" or "Plaintiff"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Mutare, Inc., (hereinafter "Defendant") from infringing and profiting from, in an illegal and unauthorized manner and without authorization and/or of the consent from Voice2Text, U.S. Patent No. 8,914,003 (the "'003 patent") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Voice2Text Innovations LLC is a Texas Limited Liability Company, with its principal place of business at 815 Brazos St., Ste. 500, Austin, TX 78701-2509.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 2325 Hicks Road, Rolling Meadows, IL 60008. Upon information and belief, Defendant may be served with process at 2325 Hicks Road, Rolling Meadows, IL 60008.

1

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, such as having corporate headquarters and employees in Illinois, as well as because of the injury to Voice2Text, and the cause of action Voice2Text has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this judicial district. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the due process.

7. Defendant has conducted and does conduct business within the state of Illinois, including the geographic region within the Northern District of Illinois, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Illinois, including this judicial district, that infringe the '003 patent.

8. Specifically, through its website Defendant solicits business from and markets its services to consumers within Illinois, including the geographic region within the Northern District of Illinois, by offering systems and services for processing voice mail to said Illinois consumers.

9. In addition to Defendant conducting business in Illinois, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Illinois, including the geographic region within the Northern District of Illinois, including Defendant's making, using, offering for sale and selling of systems that fall within the scope of at least one claim of the '003 patent.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. On December 16, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '003 patent, entitled "System and Method for Processing a Voice Mail" after a full and fair examination. The '003 patent is a continuation of U.S. Patent No. 8,249,568.

12. The '003 patent contains two (2) independent claims and eight (8) dependent claims. Defendant commercializes, *inter alia*, a system as recited in at least one claim of the '003 patent.

13. Voice2Text includes a true, accurate, correct, and legible copy of the '003 Patent as **Exhibit A** of this Complaint and incorporates it by reference herein, making it part of the Complaint for all legal, procedural, and/or evidentiary purposes.

14. Voice2Text is the owner, by assignment, of the '003 patent, having received all right, title and interest in and to the '003 patent from the previous assignee of record. Voice2Text possesses all rights of recovery under the '003 patent, including the exclusive right to recover for past infringement.

15. The invention claimed in the '003 patent is directed to a system for processing a voice mail comprising receiving a voice mail, converting the voice mail into a text message, and transmitting the text message in an SMS format and an email format.

## DEFENDANT'S PRODUCTS

16. Defendant's system, such as giSST Speech to Text (the "Accused Instrumentality"), at least during testing, allows receiving a voice mail, converting the voice mail into a text message using a speech-to-text conversion module, and transmitting the text message in an SMS format and an email format. For example, the Accused Instrumentality utilizes an automated system to transcribe a voice mail message into text and sends said text to a user's e-mail address and text message address.[1]

17. The Accused Instrumentality comprises a voice mail system receiving and storing a voice mail for a user, as required by, for example, claim 1 of the '003 patent. For example, the Accused Instrumentality includes a computer system that receives and stores a voice mail for a user.[2]

18. The Accused Instrumentality comprises a speech-to-text conversion module converting the voice mail from audio data into text data, as required by, for example claim 1, of

---

[1] http://www.mutare.com/evmstt.asp.
[2] *Id*.

the '003 patent. For example, the Accused Instrumentality converts audio data of the voice mail into text data using a speech-to-text conversion module.[3]

19. The Accused Instrumentality comprises a delivery module transmitting the text data in an email message in an email format to an email address associated with the user and in a Short Message Service (SMS) message in an SMS format to an SMS address associated with the user, as required by, for example, claim 1 of the '003 patent. For example, the Accused Instrumentality transmits the text data in an email message to an email address associated with the user and in an SMS message to an SMS address associated with the user.[4]

20. The elements described in paragraphs 16-19 are covered by at least claim 1 of the '003 patent. Thus, the Accused Instrumentality, including the use by Defendant and its customers and employees, infringes the system described in the '003 patent.

## INFRINGEMENT OF THE '003 PATENT

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 20.

22. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '003 patent.

23. Defendant has had knowledge of infringement of the '003 patent at least as of the service of the present complaint.

24. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '003 patent by making, using, offering to sell and selling the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As

---

[3] *Id.*
[4] *Id.*

a direct and proximate result of Defendant's direct infringement of the '003 patent, Plaintiff has been and continues to be damaged.

25. By engaging in the conduct described herein, Defendant has injured Voice2Text and is thus liable for infringement of the '003 patent, pursuant to 35 U.S.C. § 271.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '003 patent, Voice2Text has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Voice2Text will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Voice2Text is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

29. Voice2Text demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Voice2Text prays for the following relief:

    a. That Defendant be adjudged to have directly infringed the '003 patent, either literally or under the doctrine of equivalents;

    b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '003 patent;

      c.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Voice2Text for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

      d.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

      e.      That Defendant be directed to pay enhanced damages, including Voice2Text's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

      f.      That Voice2Text have such other and further relief as this Court may deem just and proper.

Dated: December 21, 2016               Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
VOICE2TEXT INNOVATIONS LLC**